UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RODNEY LENEY, | No. 2:24-cv-02865 SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DONALD ANDREWS, et al., | |
| Defendants. | |

Plaintiff is a county prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's complaint for screening (ECF No. 1), application to proceed in forma pauperis (ECF No. 8), and combined motion to consolidate cases, motion to amend, and motion to appoint counsel (ECF No. 10).

For the reasons set forth below, plaintiff's complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994). It also fails to state a claim against certain defendants who are immune from suit. The undersigned accordingly recommends (1) that the complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted as to certain defendants, but that (2) other defendants who are immune be dismissed with prejudice. See 28 U.S.C. § 1915A(b)(1). Because the complaint fails to state a claim, the court will exercise its discretion to deny plaintiff's application to proceed in forma pauperis. See Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma

1

pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."). Plaintiff's remaining motions are denied.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

Plaintiff's complaint, which is difficult to follow and illegible at times, alleges that plaintiff's trial and conviction for domestic battery was "rigged" based on (1) the absence of an injured party, and (2) collusion between the prosecutor, public defender, jurors, witnesses, and

police. (Id. at 4-6.) The complaint names nine defendants: (1) Donald Andrews, a witness; (2) Superior Court Judge Kurt Worley; (3) Tahj Gomes, public defender; (4) Tyler Renee Vercruyssen, prosecutor; (5) Tad Selby, juror; (6) Police Officer Gueriste; (7) Chico Police Department; (8) California State Bar; and (9) Butte County Superior Court. (Id. at 1-4.)

Plaintiff alleges that there is "no physical evidence backing up any of the claims" and that his conviction was based solely on the testimony of defendant Donald Andrews. (Id. at 6.) The police body camera footage shows the police coached defendant Andrews and contradicts Andrews' testimony that plaintiff physically harmed his girlfriend. (Id. at 6.) The police did not believe plaintiff's or his girlfriend's version of the events because they are homeless. (Id.) When plaintiff was released from jail 14 days after his arrest, he found his girlfriend in a "worse state" than before he left. (Id. at 6-7.)

The complaint alleges collusion among the various defendants involved in his trial and conviction. The prosecutor, jurors, and defendant Andrews have relationships outside of court, but plaintiff's public defender did not raise these conflicts of interest. (ECF No. 1 at 7.) Nor did the commissioner (an apparent reference to the judge) do anything about the misconduct between the jurors, prosecutor, witness, and police officers. Plaintiff wanted a bench trial, but his public defender told him he would lose because the "judge hates you." (Id.)

The complaint alleges violations of plaintiff's right to pursue happiness, Sixth Amendment Right to an impartial jury, and First Amendment Rights. (ECF No. 1 at 3.) Plaintiff alleges injuries including emotional distress, paranoia, distrust of police, high blood pressure, false imprisonment, and separation from his girlfriend. (Id. at 11.) He requests that the "charges be reversed" and seeks $2.5 million dollars in damages. (Id. at 12.)

**DISCUSSION**

**I.     Heck v. Humphrey**

Plaintiff's complaint expresses dissatisfaction with his criminal proceedings in state court. Where a plaintiff's claim is based on a state court conviction, and a § 1983 action alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on

1   appeal, by a habeas petition, or through some similar proceeding.  See Heck, 512 U.S. at 483-
2   87.  Heck's "favorable termination" rule applies regardless of the form of remedy sought if the §
3   1983 action implicates the validity of an underlying conviction.  See Edwards v. Balisok, 520
4   U.S. 641, 646–48 (1997).

   The very purpose of plaintiff's lawsuit is to challenge the validity of his conviction.  For instance, plaintiff's primary allegation is that there was no physical evidence supporting the domestic battery charge and that his conviction was based solely on the false testimony of defendant Andrews and collusion between the defendants.  Further, plaintiff expressly lists "false imprisonment" as one of his injuries and requests that the court reverse his charges.

   Although success of plaintiff's claims would necessarily mean the invalidity of his conviction, plaintiff has not alleged that his conviction was invalidated on appeal, vacated, or otherwise set aside.  Review of records from plaintiff's state action show his appeal, Case No. 23AP00008, is closed and did not result in reversal.[1]  Moreover, on November 27, 2024, the magistrate judge assigned to plaintiff's companion habeas action, Leney v. Butte County Jail, 2:24-cv-02509 DAD CSK (E.D. Cal.) (Leney I"), issued findings and recommendations that it be dismissed for failure to exhaust state remedies.[2]  (Leney I, ECF No. 11.)  Accordingly, plaintiff's claim is barred by Heck.

   **II.   Failure to State a Claim**

   "[A] Heck dismissal is made without prejudice, such that a prisoner may refile the complaint once his conviction has been overturned."  Washington v. Los Angeles Cnty. Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016) (citing Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam)).  Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed without prejudice.

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).

[2] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of documents that are on file in federal court.  Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

4

However, the court finds that several of the defendants involved in plaintiff's trial should be dismissed with prejudice:

(1)  The § 1983 claim against **defendant Tad Selby**, a juror, is "patently frivolous" and should be dismissed with prejudice. See Sunn v. Dean, 597 F. Supp. 79, 83-84 (N.D. Ga. 1984) ("The notion that jurors should be haled into court to answer in a civil action for damages for the verdict they render is…outrageous[.]").

(2)  **Defendant Butte County Superior Court** is immune from suit under the Eleventh Amendment and should be dismissed with prejudice. See Munoz v. Superior Ct. of Los Angeles Cnty., 91 F.4th 977, 980 (9th Cir. 2024) ("Because the Superior Court is an arm of the state—and no exception applies to the rule prohibiting suits against the state—it has Eleventh Amendment immunity.").

(3)  **Defendant State Bar of California** also enjoys Eleventh Amendment immunity and should be dismissed from the action with prejudice. See Kohn v. State Bar of California, 87 F.4th 1021, 1037 (9th Cir. 2023), cert. denied, 144 S. Ct. 1465 (2024) ("State bars are arms of the state and enjoy sovereign immunity under the Eleventh Amendment.").

The court notes that the remaining defendants involved in plaintiff's trial may not be state actors and/or enjoy immunity from suit. See, e.g., Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions); Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 777 (9th Cir. 2001) (district attorneys have immunity for decisions made within their prosecutorial authority); Lund v. Cowan, 5 F.4th 964, 970 (9th Cir. 2021) (California Superior Court judges enjoy absolute immunity from damage actions for judicial acts taken within the jurisdiction of their courts.)  However, because the crux of plaintiff's complaint is collusion among the defendants, and it is at least hypothetically plausible that the defendants acted outside the bounds of their respective authorities, the court will not recommend that they be dismissed with prejudice at this time. See Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014) (holding the district court erred in dismissing with prejudice pro se litigant's claim that prosecutor "systematically conspired" with police); Briscoe v. LaHue, 460 U.S. 325, 334 n.7 (1983) ("It is conceivable,

however, that nongovernmental witnesses could act 'under color of law' by conspiring with the prosecutor or other state officials.").

## MOTION TO CONSOLIDATE

On April 23, 2025, plaintiff requested that this action be consolidated with his aforementioned habeas action <u>Leney I</u>. (ECF No. 10.) As noted above, on November 27, 2024, the magistrate judge assigned to that habeas action issued findings and recommendations that it be dismissed for failure to exhaust state remedies. (<u>Leney I</u>, ECF No. 11.)

Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions; or ... issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)–(3). In light of the recommendations of dismissal for failure to state a claim in both actions, consolidation at this stage will not serve any purpose. Accordingly, plaintiff's request to consolidate is denied.

## MOTION TO AMEND

Plaintiff requested leave to amend his complaint to correct the spelling of several current defendants' names and to add as defendants (1) the State of California "for filing unlawful charges," and (2) the U.S. Government for aiding the commissioner and prosecutor. (ECF No. 10.) Because the undersigned recommends that the complaint be dismissed as <u>Heck</u>-barred, and the new allegations similarly aim at invalidating his conviction, plaintiff's motion is denied.

## MOTION TO APPOINT COUNSEL

Finally, plaintiff requests that the court appoint counsel due to the "complexity" of his case. (ECF No. 10 at 2.) In light of the recommendation that the action be dismissed as <u>Heck</u>-barred, the court will deny plaintiff's motion to appoint counsel as moot.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is DENIED.

2. Plaintiff's motion to consolidate, motion to amend, and motion to appoint counsel (ECF No. 10) are DENIED.

////

     3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

     IT IS FURTHER RECOMMENDED that the complaint be dismissed without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994), but that defendants Selby, Butte County Superior Court, and State Bar of California be dismissed with prejudice, consistent with the instructions above.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE